Matter of Local 32 Intl. Assn. of Firefighters, AFL-CIO, Utica Professional Firefighters Assn. v New York State Pub. Empl. Relations Bd. (2023 NY Slip Op 03383)

Matter of Local 32 Intl. Assn. of Firefighters, AFL-CIO, Utica Professional Firefighters Assn. v New York State Pub. Empl. Relations Bd.

2023 NY Slip Op 03383

Decided on June 22, 2023

Appellate Division, Third Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered:June 22, 2023

535052 
[*1]In the Matter of Local 32 International Association of Firefighters, AFL-CIO, Utica Professional Firefighters Association, Appellant,
v
New York State Public Employment Relations Board et al., Respondents.

Calendar Date:May 4, 2023

Before:Garry, P.J., Egan Jr., Clark, Reynolds Fitzgerald and Ceresia, JJ.

Blitman & King LLP, Syracuse (Nathaniel G. Lambright of counsel), for appellant.
New York State Public Employment Relations Board, Albany (Ellen M. Mitchell of counsel), for New York State Public Employment Relations Board, respondent.
William M. Borrill, Corporation Counsel, Utica (Joseph V. McBride of counsel), for City of Utica, respondent.

Garry, P.J.
Appeal from a judgment of the Supreme Court (Peter A. Lynch, J.), entered February 9, 2022 in Albany County, which, in a proceeding pursuant to CPLR article 78, granted respondents' motions to dismiss the petition.
In June 2016, petitioner filed an improper practice charge with respondent Public Employment Relations Board (hereinafter PERB) alleging that respondent City of Utica, a second class city, violated multiple sections of Civil Service Law article 14 (hereinafter the Taylor Law) by unilaterally changing past practices related to disciplinary interrogations of City firefighters. Following administrative review, PERB concluded that it was constrained to follow Matter of City of Schenectady v New York State Pub. Empl. Relations Bd. (30 NY3d 109 [2017]), in which the Court of Appeals held that police discipline was a prohibited subject of bargaining for cities covered by the Second Class Cities Law (id. at 115-116). In doing so, PERB rejected petitioner's argument that firefighters were differently situated from police officers and, thus, the policy considerations in Matter of City of Schenectady, and the line of cases upon which it relied, were inapposite. Petitioner then commenced this CPLR article 78 proceeding to annul PERB's determination, which respondents moved to dismiss. Supreme Court granted that motion, agreeing with PERB that the disciplinary provisions of the Second Class Cities Law apply with equal force to both police officers and firefighters. Petitioner appeals.
During the pendency of this appeal, the Legislature enacted the New York State Firefighter Bill of Rights Act (L 2022, ch 674), which amended both the Taylor Law and Civil Service Law § 75, addressing removal of and other disciplinary action against public employees. The Senate Introducer's memorandum in support of the bill recognized that "court decisions have noted that . . . several statutes contain[ ] provisions favoring the local control of police and fire discipline that would override the Taylor Law presumption of negotiability," and, against that backdrop, the Legislature saw it necessary to "declare it to be the public policy of the State of New York that[,] for firefighters, disciplinary procedures are terms and conditions of employment subject to mandatory negotiation under the Taylor Law" (Senate Introducer's Mem in Support of 2022 NY Senate Bill S8481, enacted as L 2022, ch 674). The act thus amends the aforementioned statutes accordingly (see Civil Service Law §§ 75 [2-a]; 201 [4]; 204-a [4]). Although, as the City aptly notes, the act expressly states that it applies to proceedings commenced on or after March 1, 2023 (see L 2022, ch 674, § 5), PERB asserts that this newly promulgated legislation directly impacts its analysis and has asked this Court to remit this matter to it for a new determination. Acknowledging these somewhat unusual circumstances, petitioner has agreed that remittal is appropriate. In light of the foregoing, we grant PERB's request [*2]and remit the matter to it for further proceedings.
Egan Jr., Clark, Reynolds Fitzgerald and Ceresia, JJ., concur.
ORDERED that the judgment is reversed, on the law, without costs, determination annulled, and matter remitted to respondent Public Employment Relations Board for further proceedings not inconsistent with this Court's decision.